UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DINA NICOLE D'ANTUONO, ) <br> RAMONA P. CRUZ, and KAREN VILNIT, ) <br> on behalf of themselves and all others ) <br> similarly situated, ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> SERVICE ROAD CORP. and COUSIN ) <br> VINNIE'S BACK ROOM, INC. d/b/a GOLD ) <br> CLUB GROTON and GOLD CLUB HARTFORD, ) <br>     Defendants ) | CIVIL ACTION NO. <br> 3:11-cv-00033-MRK |

**PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

Pursuant to 28 U.S.C. § 1292(b), Plaintiffs respectfully request that the Court certify its May 25, 2011 Memorandum of Decision for an interlocutory appeal to the Second Circuit Court of Appeals.  As grounds for this motion, Plaintiffs state that this Court expressly recognized both that "[a]rbitration is currently one of the most important issues in the federal courts" and that the U.S. Supreme Court's recent decision in AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1749 (2011), has resulted in substantial uncertainty about the Second Circuit precedent that is controlling in this case, including In re American Express Merchants' Litigation ("Amex II"), 634 F.3d 187 (2d Cir. 2011) and Ragone v. Atlantic Video at Manhattan Center, 595 F.3d 115 (2d Cir. 2010).  (Memorandum of Decision, ECF No. 55, at 1, 16-17, 47, 50).

A district court may certify for appellate review any order that, in the court's opinion, "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  This statute is specifically incorporated into

the Federal Arbitration Act, making it clear that it may be an appropriate vehicle for immediate review of orders compelling arbitration. 9 U.S.C. § 16(b). Here, the Court's order may well involve controlling – and certainly involves crucially important – questions of law, and it is evident that an immediate appeal will materially advance the interests of the parties in this case and of this Court.

In its Memorandum of Decision, the Court compelled plaintiffs Dina Nicole D'Antuono and Karen Vilnit to individual arbitration but stayed, rather than dismissed, their claims. At the May 2, 2011 hearing on the Defendants' motions, the Court expressly noted that an immediate appeal may be warranted under 28 U.S.C. § 1292(b).

> THE COURT: And let me just say this: If I were to uphold the waiver – I'm not saying I will, typically the Second Circuit wants me to stay the case so you can go to arbitration, but I wonder if, in these circumstances, it would be better off to dismiss so that an appeal could be taken.
>
> MS. LISS-RIORDAN: That's what happened in the *Amex* case. The plaintiffs – the plaintiffs were compelled to arbitration, the case was then closed and dismissed so the plaintiffs were able to appeal. So we would ask that if you did that, you sever the case of Ms. Vilnit and Ms. D'Antuono, so we could do that while we continue with Ms. Cruz.
>
> THE COURT: I suppose we could do a 1292(b) or 54(b).
>
> \* \* \*
>
> THE COURT: I know that. It just seems to me if – I know that, and you can read many of my decisions that have cited the decisions of the Second Circuit on that. It just seems to me that query whether these issues need to be bubbled up to the Second Circuit in some way, whether 1292(b), 54(b), as opposed to a dismissal. But we can deal with that later.

(May 2, 2011 Transcript ("T."), at 59-61).

Although appellate courts typically disfavor piecemeal appeals, the Second Circuit has recognized that threshold decisions of arbitrability, particularly those involving the federal vindication of statutory rights analysis, are appropriately reviewed on an interlocutory basis. See

2

Amex II, supra, and In re American Express Merchants' Litigation ("Amex I"), 554 F.3d 300 (2d Cir. 2009).  In Amex, as in this case, the district court compelled arbitration, but that order was immediately reviewed on appeal.

This Court's lengthy Memorandum of Decision recognized the uncertain state of the law with respect to multiple issues, and noted that this case "presents difficult questions regarding the formation and enforceability of an arbitration agreement in a unique factual context." (Memorandum of Decision, at 2).  Most significantly, the Court recognized the uncertain effect of AT&T on the vindication of statutory rights analysis of Amex I, Amex II, and Ragone.

That this case raises substantial issues with respect to the vindication of statutory rights analysis is demonstrated by the fact that the Court's order was conditioned on concessions by the Defendants.  As the Court commented to Defendants' counsel with respect to the arbitration agreement, "[N]o business person would sign an agreement like this, ever."  (T. at 47).  The Court upheld the arbitration agreements only after the Defendants agreed – based on specific questions from the Court – to proceed under the arbitration rules applicable to employment cases, to waive the fee- and cost-shifting provision, and to waive the truncated statute of limitations.  There is, at the very least, "substantial ground for difference of opinion" – the relevant standard under 28 U.S.C. § 1292(b) – about whether an arbitration agreement may be reconstructed in this way.  Indeed, as Plaintiffs noted in their briefing, Justice Roberts (while on the D.C. Court of Appeals) noted:

> If illegality pervades the arbitration agreement such that only a disintegrated fragment would remain after hacking away at the unenforceable parts . . . the judicial effort begins to look more like rewriting the contract than fulfilling the intent of the parties. . . .  Thus the more the employer overreaches, the less likely a court will be able to sever the provisions and enforce the clause.

Booker v. Robert Half International, 413 F.3d 77, 84-85 (D.C. Cir. 2005).

Given the current posture of this case, with two of the Plaintiffs now ordered to arbitration and one of the Plaintiffs remaining before this Court, together with the need to address how the Court's order will impact putative class members, it would be in the interests of the parties and in the interest of judicial economy to obtain an immediate ruling from the Second Circuit on the difficult issues of arbitrability that are central to this case. Also, given the uncertain repercussions, and wide-ranging impact, of the AT&T decision, the district courts and other litigants across the country facing similar questions regarding enforceability of arbitration agreements would benefit from prompt appellate jurisprudence on these issues. Moreover, in the absence of a certification order, this Court's detailed analysis and rulings concerning arbitration law are unlikely to obtain any appellate review.

WHEREFORE, Plaintiffs respectfully request that the Court's May 25, 2011, Memorandum of Decision be certified for an interlocutory appeal to the Second Circuit Court of Appeals.

Respectfully submitted,

DINA NICOLE D'ANTUONO, RAMONA P. CRUZ and KAREN VILNIT, on behalf of themselves and all others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (FB# phv01977)
sliss@llrlaw.com
Stephen Churchill (FB# phv04506)
schurchill@llrlaw.com
Sara Smolik (FB# phv04536)
ssmolik@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street – 20th Floor
Boston, MA 02114
(617) 994-5800

                                                            Richard E. Hayber (FB# ct11629)
                                                            rhayber@hayberlawfirm.com
                                                            221 Main Street
                                                            Hartford, CT  06106
                                                            Ph:  860-522-8888
                                                            F:  860-218-9555

                                                            Robert Starr, *pro hac vice* anticipated
                                                            Law Office of Robert L. Starr
                                                            23277 Ventura Boulevard
                                                            Woodland Hills, CA 91364
                                                            (818) 225-9040


Dated:  May 31, 2011

## CERTIFICATE OF SERVICE

      I hereby certify that on May 31, 2011, a true and correct copy of the foregoing document entitled PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                            /s/ Shannon Liss-Riordan
                                                            Shannon Liss-Riordan (FB# phv01977)
                                                           LICHTEN & LISS-RIORDAN, P.C.
                                                           100 Cambridge Street – 20th Floor
                                                           Boston, MA 02114
                                                           (617) 994-5800
                                                           sliss@llrlaw.com