**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DINA NICOLE D'ANTUONO, RAMONA P. CRUZ and KAREN VILNIT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs/Counter-Defendants<br><br>v.<br><br>C&G OF HARTFORD, INC., RCG OF HARTFORD, INC. AND PAUL GENNA d/b/a GOLD CLUB[1]<br><br>Defendants/Counter-Plaintiffs | Civ. A. No. 3:11-cv-00033-MRK |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORTY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants hereby notify the Court of the recent decision by the United States Court for the District of New Jersey in *Ochoa v. Pearson Education, Inc.*, Case 11-cv-1382 (D. N.J. Jan. 12, 2012), attached as Exhibit 1.

*Ochoa* is relevant to Defendants' pending motion for summary judgment (doc. #126), because it involves the same question at issue: whether a plaintiff has to file a written consent form to commence a collective action. The *Ochoa* court unequivocally held that that the answer to that question is yes, since "collective actions under the FLSA are not considered

[1] Plaintiff has not sued the proper parties to this action. Plaintiff Cruz alleges she performed only at the Gold Club in Groton, not the Gold Club in Hartford. The correct parties are C&G of Groton, Inc. and RCG of Groton, Inc.

commenced as to an individual claimant until that claimant files written consent to be a party plaintiff." *See* Exhibit 1 at p. 4 (citing 29 § U.S.C. 256). The *Ochoa* court further held that: "In the instance in which a written consent is not filed concurrently with the complaint, therefore, the action is not considered commenced until the subsequent date on which the written consent is filed. *See* Exhibit 1 at p. 4 (citing 29 § U.S.C. 256). Because the plaintiff in *Ochoa* failed to file a written consent, the court dismissed the plaintiff's complaint as untimely. *See* Exhibit 1 at p. 9. Similarly, because Plaintiff Cruz has never filed a written consent in this case and it has been more than 3 years since Plaintiff Cruz alleges to have performed at Gold Club, this Court should dismiss Plaintiff Cruz's complaint as untimely.

Defendants anticipate that Plaintiff Cruz, like the named plaintiff in *Ochoa*, will argue that the filing of a written consent is not a requirement to pursue this action and, even if it were, Plaintiff Cruz could now file a consent, which would relate back to the complaint filing date. The *Ochoa* court rejected this argument as having "no merit." *See* Exhibit 1 at p. 5 ("Until Plaintiff files a written consent form with this Court, he is not considered joined to a collective action and the statute of limitations is not tolled.") (quotations omitted).

The *Ochoa* court also instructs that Plaintiff Cruz cannot proceed individually since the complaint in the instant action—like the complaint in *Ochoa*—only asserts collective action claims and did not plead any claim individually. *See* Exhibit 1 at pp. 7-8.

Defendants respectfully request that this Court consider the *Ochoa* decision in its ruling on Defendants Motion for Summary Judgment to dismiss Plaintiff Cruz's claims and preclude the notice process because Plaintiff has no actionable injury and cannot represent the class.

Respectfully submitted,

/s/ William J. Anthony
William J. Anthony
David R. Golder
JACKSON LEWIS LLP
90 State House Square, 8th Floor
Hartford, CT 06103-3708
Telephone: (860) 522-0404
Facsimile: (860) 247-1330
anthonyw@jacksonlewis.com
Golderd@jacksonlewis.com

Allan S. Rubin*
Christina A. Daskas*
JACKSON LEWIS LLP
2000 Town Center, Suite 1650
Southfield, Michigan 48075
Telephone: (248) 936-1900
Facsimile: (248) 936-1901
rubina@jacksonlewis.com
daksasc@jacksonlewis.com

Paul DeCamp*
JACKSON LEWIS LLP
10701 Parkridge Blvd., Suite 300
Reston, VA 20191
Phone: (703) 483-8300
Facsimile: (703) 483-8301
DeCampP@jacksonlewis.com

*Attorneys for Defendants*
* Admitted *Pro Hac Vice*

CERTIFICATION OF SERVICE

I hereby certify that on January 12, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ William J. Anthony*
William J. Anthony

4817-7785-2174, v. 1