**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

DINA NICOLE D'ANTUONO, RAMONA P. CRUZ, and KAREN VILNIT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

C&G OF GROTON, INC., RCG OF GROTON, INC., and PAUL GENNA, d/b/a GOLD CLUB,

Defendants.

Civ. A. No. 3:11-cv-00033-MRK

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Gold Club moves to dismiss the claims by Plaintiff Ramona Cruz based on an alleged lack of written consent. In fact, Ms. Cruz filed a written consent early in this case (ECF No. 26-4), in response to Gold Club's motions to dismiss and compel arbitration. It is now too late for Gold Club to challenge the sufficiency of that consent. This case has been pending for one year. During that year, Gold Club has, among other things, moved to dismiss the complaint, compel arbitration, and strike class allegations (ECF No. 13); joined in two Rule 26(f) reports (ECF Nos. 24, 103); participated in six court or telephone hearings (ECF No. 32, 49, 70, 78, 95, 113); opposed a petition to appeal to the Second Circuit (ECF No. 61); answered the original complaint (ECF No. 64); opposed a motion to amend the complaint (ECF No. 77); opposed a motion to conditionally certify a class (ECF No. 96); opposed a second motion to amend the complaint (ECF No. 98); opposed a motion to dismiss certain plaintiffs (ECF No. 108); answered

the amended complaint (ECF No. 119); and submitted a proposed form of notice (ECF No. 122). In none of those pleadings, hearings, or conferences – including in its two answers or in its opposition to conditionally certify a class – did Gold Club ever take the position that Ms. Cruz's collective claims under the FLSA could not proceed based on a lack of written consent, even while the parties, their counsel, and the Court were all expending great effort and expense to address numerous legal issues. It is now evident that the reason for Gold Club's silence was to wait until the statute of limitations ran so it could spring its motion on the Plaintiffs when it was too late (or so Gold Club hoped) to take any curative action. This tactic violates the well-established principle that parties should assert their positions seasonably and avoid litigation by ambush. At this point, given their failure to raise any objections earlier, the Defendants have waived any argument that these written consents are inadequate.

**1. The Plaintiffs Filed Signed Consents In This Court on March 11, 2011.**

The FLSA requires (1) that a party plaintiff "give[] his consent in writing to become such a party," and (2) that "such consent is filed in the court in which such action is brought." Manning v. Gold Belt Falcon, LLC, --- F. Supp. 2d ---, 2011 WL 4583776, *2 (D.N.J. Oct. 5, 2011), quoting 29 U.S.C. § 216(b). The statute does not, however, "elaborate upon the form or timing of these two requirements." Id. As a result, "courts have shown considerable flexibility as long as the signed document indicates consent to join the lawsuit." Id., citing Ketchum v. City of Vallejo, 2007 WL 4356137, *2 (E.D. Cal. 2007). See also Mendez v. The Radec Corp., 260 F.R.D. 38, 52 (W.D.N.Y. 2009) ("courts have generally not taken a strict approach with regard to the *form* of the written consent, at least with respect to named plaintiffs") (emphasis added); Perkins v. Southern New England Tel. Co., 2009 WL 3754097, *3 n.2 (D.Conn. Nov. 4, 2009) (courts have found sufficient consent "where the signed document verifies the complaint,

indicates a desire to have legal action taken to protect the party's rights, *or* states a desire to become a party plaintiff") (emphasis added; citation omitted); Piper v. RGIS Inventory Specialists, Inc., 2007 WL 1690887 (N.D. Cal. June 11, 2007) (noting that "[t]here is little case law addressing what constitutes a valid opt-in consent," but prior authority "suggests that beyond the signature requirement, the requirements for a valid consent are not particularly rigorous") (citation omitted). Indeed, some courts have permitted the filing of *unsigned* consents. Wertheim v. State of Arizona, 1993 WL 603552, *8 (D.Ariz. 1993).

On March 11, 2011, Ms. Cruz and the other two Plaintiffs filed declarations in this Court. (ECF No. 26-2, 26-3, 26-4). Ms. Cruz's[1] declaration satisfies the requirements of 29 U.S.C. § 216(b), because it indicates her consent to be a party plaintiff, was signed by her, and was filed in this Court. The heading of the declaration prominently indicated the pendency of this case and that Ms. Cruz, along with Dina Nicole D'Antuono and Karen Vilnit, were Plaintiffs on behalf of themselves and all others similarly situated. (ECF No. 26-4 at 1). In the last paragraph of her declaration, after discussing the financial risks of having to arbitrate her claims, Ms. Cruz states, "I could not afford to undertake *this litigation and pursue my rights* if I had the risk of paying the Defendants' costs if I lost at arbitration." (Id. ¶ 9) (emphasis added). The only possible reading of this statement, and of the declaration as a whole, is that Ms. Cruz wanted to pursue her rights in this Court. That the Plaintiffs' declarations were filed in response to the Defendants' motion to dismiss and compel arbitration does not detract from their effectiveness as written consents. On the contrary, that specific context demonstrates even more clearly that the Plaintiffs were intent on pursuing their rights in this Court. If the Plaintiffs did not consent to be

[1] Although this opposition focuses on Ms. Cruz's declaration (given that the Defendants' focus on Ms. Cruz), the declarations of Ms. D'Antuono and Ms. Vilnit are substantially similar.

in this case, or if they were not consenting to the enforcement of their rights, they would not have signed and filed affidavits seeking to have this case continue.

In Manning, another district court recently ruled that a party plaintiff satisfied the written consent requirement when she submitted a sworn declaration in support of a motion for conditional certification. 2011 WL 4583776, *3. As the court noted, "a signed written document acknowledging participation in the lawsuit…can suffice." Id. (citation omitted). Likewise, in Mendez, the district court ruled that a similar declaration constituted sufficient consent. 260 F.R.D. at 52. The plaintiff, Mendez, had filed a signed declaration in support of a motion for class certification. Id. The declaration indicated that Mendez was a named plaintiff, and "[t]he caption also named Mendez as a plaintiff, 'on behalf of himself and all other employees similarly situated.'" Id. As a result, the court concluded that the declaration "clearly indicates Mendez's understanding that he was consenting to be a plaintiff in this collective action under the FLSA," so the declaration "satisfied the written-consent requirement of § 216(b)." Id. Ms. Cruz's situation is indistinguishable from these two cases. Her declaration plainly indicates that she was consenting to participate as a plaintiff in this collective action.[2,3]

---

[2] In Perkins, the district court ruled that the plaintiff's declaration could not "stand in as her consent form," 2009 WL 3754097 at *3 n.2, but the declaration in Perkins did not indicate the plaintiff's "interest in acting as a party plaintiff or…that she wishes to protect her rights." Id. Here, the *very purpose* of Ms. Cruz's declaration was to indicate that she wanted to "pursue her rights" as a party plaintiff *in this Court*.

[3] Although the Plaintiffs contend that Ms. Cruz's declaration leaves no doubt about her desire to protect her rights, any doubt about whether Ms. Cruz's declaration indicated a consent to be a party plaintiff in this action is laid to rest by her participation in a lengthy deposition in this case. To be clear, Ms. Cruz is not arguing that her appearance at a deposition, standing alone, constitutes the required consent (it cannot, because the statute requires a written consent); she is arguing that the consent manifested by her declaration is confirmed by her subsequent participation in a deposition. See Montalvo, 426 F.2d at 1148 (citing to plaintiffs' testimony as corroboration that they consented under § 216(b): "the only testimony adduced on this point indicated that the plaintiffs, though unschooled in legal technicalities, had a basic understanding of the nature of the consent they were giving by their signatures").

In cases where courts did not rely on a plaintiff's affidavit, they have been similarly flexible about what constitutes written consent. For example, in Riojas v. Seal Produce, Inc., 82 F.R.D. 613 (S.D. Tex. 1979), the district court deemed sufficient a handwritten statement that read, "I _____ hereby give my consent to Texas Rural Legal Aid to pursue my claims for minimum wages against Seal Produce, Inc." Similarly, in Montalvo v. Tower Life Bldg., 426 F.2d 1135 (5th Cir. 1970), the Fifth Circuit held that the consent requirement was satisfied through the filing of a signed statement requesting that "legal action be taken to secure my claim for me due me under the Fair Labor Standards Act." Id. at 1148. Ms. Cruz's declaration demonstrates even more clearly than these statements that she was consenting to serve as a plaintiff in this case. Unlike the consents in Riojas and Montalva, her declaration contains a prominent heading that identifies her as a Plaintiff and that indicates she and the other two Plaintiffs were bringing this case on behalf of themselves and all others similarly situated.

In recognizing the sufficiency of Ms. Cruz's consent, the Court should take into account the purpose of the consent requirement under § 216(b). It has long been recognized that the purpose of the requirement is to put employers on notice of the nature and scope of the claims they are facing. See Allen v. Atlantic Richfield Co., 724 F.2d 1131, 1134 (5th Cir.1984) ("The clear intent ... was to make the members of the class of unnamed plaintiffs who wished to participate in, and be bound by, the action identify themselves for the benefit of the defendant."); Arrington v. National Broadcasting Co., 531 F.Supp. 498, 501 (D.D.C.1982) (The purpose of the consent requirement "was to prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of the lawsuit. Such situations unfairly left employers in the dark concerning the identity of the individuals whose claims would be litigated at trial."); Deley v. Atlantic Box & Lumber Corp.,

119 F.Supp. 727, 728 (D.N.J. 1954) ("The object of these provisions therefore clearly was to make these uncertain plaintiffs certain, and actual participants, so that defendants could know the parties and the charges with which they were to be faced."). That purpose is plainly satisfied by Ms. Cruz's declaration. There can be no real question that Gold Club was fairly put on notice of who was bringing claims against them under the FLSA.

In short, although the FLSA imposes a requirement that a named plaintiff file a written document evidencing her consent to participate in a collective action, the FLSA does not impose any requirements about the *form* of that consent, and courts have shown considerable flexibility in finding the requirement satisfied. Ms. Cruz's March 11, 2011, declaration plainly evidences her consent to participate in this action, so she has satisfied the statutory requirement.

**2. The Defendants Waived Their Right To Object To The Sufficiency Of the Plaintiffs' Written Consents.**

During the first 12 months when this case was pending, while the parties and the Court were engaged in extensive briefing over the allegations in the complaint and the appropriateness of conditional certification under the FLSA, and while Gold Club had multiple opportunities to challenge the sufficiency of the Plaintiffs' written consent, Gold Club sat on its "lack of consent" defense, waiting for the limitations clock to run on Ms. Cruz's claims before springing it on the Plaintiffs and this Court, right when the Court was preparing to send out notices to other dancers. Given the dilatory nature of Gold Club's assertion of this defense, it has been waived.

An affirmative defense "is untimely, and therefore subject to waiver, if not pleaded in the defendant's answer." Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003).[4] Gold

[4] Gold Club's argument that the Plaintiffs' declarations were insufficient under § 216(b) is plainly an affirmative defense, which is defined as any "assertion raising new facts and arguments that, if true, will defeat the plaintiff's…claim, even if all allegations in the complaint are true." Id. (citations omitted). As demonstrated by its summary judgment motion, Gold Club relies on factual and legal assertions that it

Club did not challenge the sufficiency of the Plaintiffs' consent in its original answer (ECF No. 64) or in its answer to the amended complaint (ECF No. 119), notwithstanding a lengthy list of affirmative defenses, a number of which were highly specific.[5]

Gold Club cannot rely here on vague general defenses in support of its motion for summary judgment, including, for example, its general defense that the complaint is barred in whole or part by the applicable statute of limitations. This is because "[o]ne of the core purposes of Rule 8(c) is to place the opposing parties on notice that a particular defense will be pursued so as to prevent surprise or unfair prejudice." Id. As a result, a defendant cannot rely on vague general defenses that are "insufficient to protect the plaintiff from being ambushed with an affirmative defense." Id., citing Wolf v. Reliance Standard Life Ins. Co., 71 F.3d 444, 450 (1st Cir. 1995) (other citations omitted). As the court made clear in Wolf, whether a defendant's reliance on an overly-general defense results in waiver depends on the totality of circumstances: "[A]n inquiring court must examine the totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose – to act as a safeguard against surprise and unfair prejudice – has been vindicated." 71 F.3d at 450, quoting Williams v. Ashland Eng'g Co., Inc., 45 F.3d 588, 593 & n.7 (1st Cir.), cert. denied, 516 U.S. 807 (1995). Where a party raises an issue six months before motions for summary judgment, for example,

---

claims are sufficient to defeat Ms. Cruz's claims – i.e., that she did not file a written consent sufficient to meet the requirements of section 256(b).

[5] Although jurisdictional defenses cannot be waived, the filing of a written consent is not a jurisdictional defense. Indeed, under the FLSA, there is a distinction between the filing of a collective action complaint and the filing of a named plaintiff's consent. See Perkins, 2009 WL 3754097 at *3 (the FLSA "clearly contemplates a situation in which a named plaintiff does not file the consent form until after the complaint is filed"), citing 29 U.S.C. § 256(b). See also Drabkin v. Gibbs & Hill, 74 F.Supp. 758, 762 (D.C.N.Y. 1947) (consent form is not required for subject matter jurisdiction). Instead, because the filing of a written consent relates to the timeliness of an individual plaintiff's claims, 29 U.S.C. § 256(b), it is the type of statutory requirement subject to waiver. See In re Benedict, 90 F.3d 50, 54 (2d Cir. 1996) (noting that "'[s]tatutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling'"), quoting United States v. Locke, 471 U.S. 84, 94 n.10 (1985).

there is no "ambush," but where a party raises an issue at the last minute, Rule 8(c)'s core purpose has not been met. Id. (citation omitted).

Gold Club's assertion of a general statute of limitations defense did not provide fair notice of its intent to challenge alleged defects in the Plaintiffs' written consents. Indeed, it expressly asserted a limitations defense only with respect to how far back Ms. Cruz could reach based on the delay between when she last worked for Gold Club and when the complaint was filed, not based on a lack of written consent:

> Because Plaintiff Cruz admits that she has not danced at Gold Club since December 2008 and her complaint was not filed until January 2011, she has no viable claim under Connecticut law. …. Plaintiff's only viable claim for wages is under the FLSA, but only if this Court determines that Gold Club committed a 'willful' violation and the statute of limitations is extended to three years.

(ECF No. 96 at 27-28). More generally, "[t]he chronology of the case speaks volumes about the lack of timeliness." Wolf, 71 F.3d at 450 (citation omitted). The parties have engaged in extensive litigation concerning Ms. Cruz's claims and the appropriateness of conditional certification, and Gold Club *never* asserted that Ms. Cruz failed to comply with the FLSA's consent requirement.

It is evident from the timing of Gold Club's summary judgment motion that it omitted any challenges to the consent for the very purpose of ambushing the Plaintiffs with a previously undisclosed defense, waiting to spring that defense until after the limitations period had run on Ms. Cruz's claims. Not surprisingly, courts have disapproved of this type of gamesmanship. In Mendez, for example, in noting its disapproval of defense counsel's tactical decision to hold off on asserting a defense until it was too late for the opposing party to take remedial steps, the court stated that "that sort of gamesmanship is what the waiver doctrine is designed to prevent." Mendez, 260 F.R.D. at 46 n.2. See also Wertheim v. State of Arizona, 1993 WL 603552, *9

(D.Ariz. 1993) (in light of defendant's failure to challenge plaintiff's affidavit as sufficient consent, court accepted affidavit as sufficient consent). Likewise, this Court should not reward Gold Club's gamesmanship.

**3. Conclusion**

Early on in this litigation, the Plaintiffs signed and filed declarations clearly manifesting their desire to pursue a collective action in this Court. Those declarations are sufficient to meet the requirements of section 216(b), which impose no particular form of consent. To the extent Gold Club disagrees, it waived its right to challenge the sufficiency of those consents by repeatedly failing to raise any challenge, even while the parties and this Court were proceeding to consider the Plaintiffs' claims under the FLSA and the appropriateness of conditional certification. This Court should not give traction to Gold Club's tactic of springing its defense only after Ms. Cruz's claims were allegedly time barred. For these reasons, the Court should deny Gold Club's motion for summary judgment.

Respectfully submitted,

DINA NICOLE D'ANTUONO, RAMONA P. CRUZ and KAREN VILNIT, on behalf of themselves and all others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (FB# phv01977)
sliss@llrlaw.com
Stephen Churchill (FB# phv04506)
schurchill@llrlaw.com
Sara Smolik (FB# phv04536)
ssmolik@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street – 20th Floor
Boston, MA 02114
(617) 994-5800

Richard E. Hayber (FB# ct11629)
rhayber@hayberlawfirm.com
221 Main Street
Hartford, CT 06106
Ph: 860-522-8888
F: 860-218-9555

Dated: January 19, 2012

CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2012, a true and correct copy of the foregoing document entitled PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (FB# phv01977)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street – 20th Floor
Boston, MA 02114
(617) 994-5800
sliss@llrlaw.com