UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DINA NICOLE D'ANTUONO, RAMONA P. CRUZ, and KAREN VILNIT, : : : : | |
| Plaintiffs, : : | |
| v.   : | No. 3:11cv33 (MRK) |
| : | |
| C&G OF GROTON, INC., RCG of GROTON, INC., and PAUL GENNA, : : : | |
| Defendants. : | |

## MEMORANDUM OF DECISION

Defendants C&G of Groton, Inc.; RCG of Groton, Inc; and Paul Genna[1] (collectively "Defendants") filed a Motion for Summary Judgment [doc. # 126] on the basis that, because Plaintiff Ramona Cruz failed to file the requisite consent form to commence a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, her claims are barred by the statute of limitations.

As there are no genuine disputes as to material facts, summary judgment on the contested issue of law is appropriate. *See* Fed. R. Civ. P. 56. For the reasons described below, the Court denies Defendants' motion.

**I.**

The Court has previously discussed the facts of this case. *See D'Antuono v. C&G of Groton, Inc.*, No. 3:11cv33 (MRK), 2011 WL 5878045 (D. Conn. Nov. 23, 2011); *D'Antuono v.*

---

[1] Ms. Cruz has named the wrong defendants in her amended complaint. *See* Am. Compl. [doc. # 118] (with C&G of Hartford, Inc. and RCG of Hartford, Inc. listed in the caption but not discussed in the body of the complaint). Ms. Cruz is instructed to file a motion to amend her complaint to list the correct defendants.

1

*Serv. Rd. Corp.*, 789 F. Supp. 2d 308 (D. Conn. 2011). Here, the Court briefly reviews only those facts relevant to the determination of this motion.

The original Complaint [doc. # 1], filed on January 6, 2011, brought a collective action alleging, *inter alia*, that Defendants had violated the FLSA by misclassifying Mr. Cruz and other similarly situated individuals as independent contractors and failing to pay the dancers minimum wage for all hours worked. The first Amended Complaint [doc. # 118], filed on December 1, 2011, reiterated these allegations. Ms. Cruz was a named plaintiff in each complaint.

At her deposition, Ms. Cruz testified that her employment at Gold Club Groton was terminated at the 2008 Christmas party, which Defendants allege occurred on December 16, 2008. The Amended Complaint confirms that Ms. Cruz's employment ended in December 2008.

Defendants maintain that the Court's docket does not contain a written consent form from Ms. Cruz to be a party-plaintiff to a FLSA collective action. Plaintiffs argue that Ms. Cruz filed such written consent on March 11, 2011, in her signed declaration attached to an earlier memorandum in opposition to a motion to dismiss.

## II.

A FLSA litigant may commence an action for unpaid overtime individually or collectively within two years of the date upon which the action accrued. *See* 29 U.S.C. § 255(a). The statute of limitations may be extended to three years if the plaintiff sufficiently alleges that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Under the FLSA, a litigant may not become a party plaintiff unless he or she gives "consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). A collective action is considered commenced

>(a) on the date when the complaint is filed, if [the individual claimant] is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court where the action is brought; or (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.

Both FLSA and relevant case law require named plaintiffs to submit written consent to join in a collective action, and this requirement is not satisfied by the filing of the complaint alone. *See Gonzalez v. El Acajutla Rest. Inc.*, No. CV 04-1513 (JO), 2007 WL 869583, at *5 (E.D.N.Y. Mar. 20, 2007) (citing cases). "Although it may seem curious that this consent requirement would apply to a named plaintiff, this requirement has been held to apply even to the named plaintiffs in a collective action under the FLSA." *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 52 (W.D.N.Y. 2009) (citing *Harkins v. Riverboat Serv., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004)). "In the usual case, in which the plaintiff is represented by counsel who is familiar with the statute and its requirements and who would normally make sure that each named plaintiff's written consent is filed simultaneously with the complaint, [this] trap [for the unwary] should not close." *Gonzalez*, 2007 WL 869583, at *5.

The statutory language requires a prospective party plaintiff only to give "consent in writing" and ensure that "such consent is filed in the court." 29 U.S.C. § 216(b). While it is clear that some document in addition to the complaint must be filed, it is not clear what form the written consent must take, especially when the alleged party plaintiff is a named plaintiff. *See, e.g.*, *Manning v. Gold Belt Falcon, LLC*, No. 08-3427 (JEI/KMW), 2011 WL 4583776, at *2 (D.N.J. Oct. 5, 2011) ("With respect to form, courts have shown considerable flexibility as long as the signed document indicates consent to join the lawsuit."); *Perkins v. S. New Eng. Tel. Co.*, No. 3:07-cv-967 (JCH), 2009 WL 3754097, at *3 n.2 (D. Conn. Nov. 4, 2009) ("[W]hile a

3

consent form need not take any specific form, courts have generally accepted irregular consent forms where the signed document verifies the complaint, indicates a desire to have legal action taken to protect the party's rights, or states a desire to become a party plaintiff."); *Mendez*, 260 F.R.D. at 52 ("[C]ourts have generally not taken a strict approach with regard to the *form* of the written consent, as least with respect to named plaintiffs. . . . [A]ll that is required is a signed statement indicating the plaintiff's intent, and consent, to participate as a plaintiff in the collective action." (emphasis in original)).

The purpose of this consent requirement, presumably, is to put the Defendants on notice, which many courts have noted is somewhat redundant with regard to named plaintiffs. *See, e.g.*, *id*. Another possible purpose of requiring named plaintiffs to take an additional affirmative step is to ensure that each plaintiff intends to participate in the case, and is not simply a procedural figurehead for an enterprising class action lawyer. *See Arrington v. Nat'l Broadcasting Co.*, 531 F. Supp. 498, 501-02 (D.D.C. 1982) (noting that the purpose of the consent requirement, like the ban on representative actions, "was to prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit").

Given the FLSA's three year statute of limitations, and the fact that Ms. Cruz's last performance at the Gold Club Groton was on December 16, 2008, Ms. Cruz had until December 16, 2011 to file written consent.

### III.

The question presented is whether Mr. Cruz's signed March 11, 2011 affidavit, attached as an exhibit to Plaintiffs' response in opposition to a motion to dismiss, constitutes a signed, written consent filed with the court. In full, the only possibly relevant statement provides: "Given

my current financial circumstances and my understanding of the costs associated with arbitration, I cannot afford to arbitrate my claims and I could not afford to undertake this litigation and pursue my rights if I had the risk of paying the Defendants' costs if I lost at arbitration." Pls.' Mem. in Opp'n [doc. # 26-4] Ex. D ¶ 9 (Decl. of Ramona Cruz). At the time it was filed, Ms. Cruz was one of three named plaintiffs in this suit. All of the three named plaintiffs submitted signed affidavits with final paragraphs substantially similar to the text quoted above. *See* Pls.' Mem. in Opp'n [docs. # 26-2, 26-3] Ex. B ¶ 13 (Decl. of Nicole D'Antuono), Ex. C ¶ 12 (Decl. of Karen Vilnit).

The Court has located no dispositive precedent or closely analogous case. The cases most often cited by the parties are all distinguishable on the facts. *See, e.g.*, *Manning*, 2011 WL 4583776, at *2-3 (finding that named plaintiff who had submitted a signed declaration stating "'I am the named Plaintiff in this action'" and describing the facts of the litigation had met the consent requirement, but that named plaintiffs who had been deposed but had submitted no signed documents did not); *Perkins*, 2009 WL 3754097, at *3 n.2 (holding that named plaintiff who submitted a signed declaration in support of a motion for class certification describing her job duties and stating that she "'did not release any claims relating to unpaid overtime wages which are the subject of this litigation' . . . insufficient to demonstrate her desire to take part in this action as a plaintiff"); *Mendez*, 260 F.R.D. at 52 (finding that named plaintiff who had submitted a signed affirmation in support of a motion for class certification stating "'I am the Named Plaintiff in the above-captioned matter'" sufficient to meet the consent requirement).

Defendants' arguments on the facts of prior cases are not convincing. It is irrelevant that Ms. Cruz does not explicitly claim to be a named plaintiff in the action; furthermore, the caption on her signed declaration states as much. Additionally, the fact that her declaration was

submitted in response to a motion to dismiss, rather than in support of a motion for class certification, carries little weight. While a declaration attached to a motion for class certification may bolster a plaintiff's argument that the declaration was meant to serve as a notice of consent, the inverse is not true.

Instead, the Court must determine, as a matter of law, whether Ms. Cruz's signed declaration manifests a clear intent to be a party plaintiff. This question is a close one, and one which would not have arisen had Ms. Cruz's counsel simply ensured that a written consent form was filed along with the complaint. Despite this lapse, the Court reads Ms. Cruz's affidavit broadly as implicitly verifying the complaint, expressing an interest that legal action be taken to protect her rights, and expressing an interest in being a party plaintiff. *See Manning*, 2011 WL 4583776, at *3; *Perkins*, 2009 WL 3754097, at *3 n.2; *Mendez*, 260 F.R.D. at 52. Unlike the plaintiff in *Perkins*, Ms. Cruz has expressed an interest not only in preserving her legal claims, but in "undertak[ing] this litigation and pursu[ing her] rights." Pls.' Mem. in Opp'n [doc. # 26-4] Ex. D ¶ 9 (Decl. of Ramona Cruz). Furthermore, while participation in a deposition is not dispositive or sufficient for the notice requirement, *see Manning*, 2011 WL 4583776, at *3, the Court finds that the fact that Ms. Cruz has already willingly undergone a lengthy deposition relevant in the evaluation of whether she intended to participate in this case. Finally, the Court notes that the two potential purposes of the notice requirement—ensuring both that the Defendants are aware of all potential plaintiffs and that each individual plaintiff intends to participate in the lawsuit—are both satisfied.

## IV.

Defendants' Motion for Summary Judgment [doc. # 126] is DENIED. Because the Court finds for Ms. Cruz on the question of whether her declaration is sufficient to meet the notice requirement, it need not address her alternative argument that the Defendants have waived their right to challenge her on statute of limitations grounds. As the Court is allowing the case to continue, notice should be issued to potential class members.

                                           IT IS SO ORDERED.


                                  /s/     <u>Mark R. Kravitz</u>
                                         United States District Judge


Dated at New Haven, Connecticut: April 9, 2012.